UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHARLES VICTOR HOOPER,
a married man,

                                                                                        CIV. S-05-0244 MCE PAN PS

          Plaintiff,

     v.

HERBERT SANDLER, a U.S. Vessel;                       ORDER
MERION O. SANDLER, a U.S. Vessel;
WORLD SAVINGS and LOAN, an entity;
GOLDEN WEST SAVINGS ASSO., SERVICE
CO. INC., an entity,

          Defendants.

—o○o—

     Plaintiff paid the filing fee and commenced this action February 7, 2004, for quiet title, breach of contract and fraud. Defendants Herbert Sandler and Merion O. Sandler are the principals of defendant World Savings Bank, FSB and its trustee, defendant Golden West Savings Association Service Company. Plaintiff borrowed $190,000.00 from defendants and secured his

debt with an interest in plaintiff's residential property; plaintiff apparently defaulted and now challenges the contract. Defendants move to dismiss.

Fed. R. Civ. P. 12(b)(1) authorizes dismissal of a complaint for "lack of jurisdiction over the subject matter." While not asserted by defendants, lack of subject matter jurisdiction may be raised sua sponte by a court at any time. City of Kenosha v. Bruno, 412 U.S. 507, 511-12 (1973); O'Donnell v. Wien Air Alaska, Inc., 551 F.2d 1141, 1145, n.3 (9th Cir. 1977); Ryther v. Lumber Products, Inc., 799 F.2d 1412, 1414 (9th Cir. 1986).

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996); see Fed. R. Civ. P. 8(a) (requiring that a pleading set forth "a short and plain statement of the grounds upon which the court's jurisdiction depends").

Plaintiff invokes only this court's admiralty jurisdiction, referring to the individual defendants as "U.S. Vessels," and citing 28 U.S.C. §§ 1333 (admiralty jurisdiction), 1330 (actions against foreign states) and Fed. R. Civ. P. 9(h) (admiralty and maritime claims). Plaintiff asserts the court's admiralty jurisdiction renders him "under a restricted special appearance and the herein cause of action is wrapped in restrictions, representations, and warranties with prejudice. . ." Complaint, para. 9.

A federal court's authority to hear cases in admiralty flows initially from the Constitution, which extends federal judicial power to all Cases of admiralty and maritime Jurisdiction.  U.S. Const., Art. III, § 2.  Congress has embodied that power in a statute giving federal district courts original jurisdiction of any civil case of admiralty or maritime jurisdiction.  28 U.S.C. § 1333(1).  <u>Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.</u>, 513 U.S. 527, 531, 115 S.Ct. 1043, 1047 (1995).  The United States exercises admiralty jurisdiction over matters involving the high seas and navigable waters within the jurisdiction of the United States, and vessels upon or aircraft above such waters.  18 U.S.C. § 7.  To ascertain whether a contract is a maritime one depends upon the nature and character of the contract, and the true criterion is whether it has reference to maritime service or maritime transactions. <u>Norfolk Southern Railway Co. v. Kirby</u>, 125 S.Ct. 385, 393, 73 USLW 4005 (2004).

Plaintiff has failed to meet his burden of proving this court's admiralty jurisdiction over the complaint.  Plaintiff avers neither a maritime business purpose for the disputed loan nor any facts to conclude the parties' contract references maritime services or transactions.  The disputed Deed of Trust, attached to the complaint, references nothing maritime.  Labeling defendants "U.S. Vessels"[1] does not give rise to this court's

---

[1] 1 U.S.C. § 3 defines "vessel" as "every description of watercraft or other artificial contrivance used, or capable of being used, as a means of

3

admiralty jurisdiction.  Nor does plaintiff's filing of a UCC Financing Statement.

Defendant's motion to dismiss is granted and the complaint is dismissed.

Plaintiff may, within ten days after service of this order, file and serve an amended complaint setting forth the basis of this court's jurisdiction and a clear statement of plaintiff's claims and request for relief.  Plaintiff's failure timely to comply with this order will result in a recommendation this action be dismissed.

Plaintiff is also warned that further false or fanciful representations (e.g., identifying defendants as "U.S. Vessels") will be sanctioned by fine or dismissal.  Fed. R. Civ. P. 11; see also E. D. Cal. Local Rule 11-110.

So ordered.

Dated:  August 17, 2005.

                                        /s/ Peter A. Nowinski
                                        PETER A. NOWINSKI
                                        Magistrate Judge

---

transportation on water."