UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHARLES VICTOR HOOPER,
a married man,

          Plaintiff,      CIV. S-05-0244 MCE PAN PS

    v.

HERBERT SANDLER; MERION O.      FINDINGS AND RECOMMENDATIONS
SANDLER; WORLD SAVINGS and LOAN,
an entity; GOLDEN WEST SAVINGS
ASSO., SERVICE CO. INC., an
entity,

          Defendants.

                  -o0o-

    Defendants move to dismiss plaintiff's amended complaint. As oral argument is unnecessary to resolve this matter, I vacate the hearing scheduled for November 16, 2005, and make these findings and recommendations.

    On August 17, 2005, this court dismissed plaintiff's complaint for lack of subject matter jurisdiction, finding no

basis for plaintiff's reliance on this court's admiralty jurisdiction.  Plaintiff was accorded ten days within which to serve and file a coherent amended complaint demonstrating this court's jurisdiction and warned that further false or fanciful representations (e.g., referring to individual defendants as "U.S. Vessels") would be sanctioned with fine or dismissal.

Plaintiff timely filed an amended complaint.  Defendants subsequently filed this motion to dismiss on the grounds the complaint fails to demonstrate this court's jurisdiction and fails to state a claim upon which relief can be granted.

Like the first complaint, the amended complaint appears to assert state law claims for quiet title, breach of contract and fraud against those who loaned $190,000.00 to plaintiff and took as security an interest in plaintiff's residential property.  Plaintiff defaulted and seeks to avoid the consequences.  Plaintiff avers this court has jurisdiction too intervene under 28 U.S.C. § 1343 (civil rights) and § 1332 (diversity of citizenship) but asserts no cognizable violation of federal law and identifies the corporate defendants as California corporations and the individual defendants as "transmitting utilities" who are also "CO-Chairmen of the Board and CEO for World Savings and Loan Association."  Amended Complaint, ¶¶ 15, 16.  Like his prior complaint, plaintiff's amended complaint appeals to the authority of the Declaration of Independence, the Treaty of Paris, the Treaty of Guadalupe Hidalgo, and other irrelevant legal sources and is replete with fanciful references

such as:

> ¶ 14: CHARLES VICTOR HOOPER is a trust identified under a Social Security Administration EIN and under a Internal Revenue Service EIN with Plaintiff, Charles Victor Hooper having a monetary interest in CHARLES V. HOOPER (sic) derived from the UCC-1 Financing Statement filed with the Secretary of the State of California (sic) INSTRUMENT-NUMBER: 0216960714. . .

> ¶¶ 40-41:  Plaintiff alleges being an assignee of the real property forever, an ALLODIAL FREEHOLD ESTATE at law, as a constituent sovereign member of the posterity of the men of: America; and Plaintiff alleges the assignee, Charles Victor Hooper, is not a person and taxpayer defined by state/federal law merchant statutes and not under the Venue and Jurisdiction of the State and Federal Executive Branch of Government, is not a resident alien nor foreign corporation . . . .

> ¶ 44:  Plaintiff alleges the authority under Charles Victor Hooper's Declaration is executed emanates direct from the word of the OMNIPOTENT, mot [sic] high Yahweh as appears in the Holy Scriptures, song 68-4, which edict states . . .

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).  Plaintiff has failed to meet this burden despite two opportunities.  His amended complaint, like his first, is both delusory and incomprehensible.

Accordingly, I recommend defendants' motion be granted and plaintiff's amended complaint be dismissed without leave to amend.  Fed. R. Civ. P. 12(b)(1).

These findings and recommendations are submitted to the Honorable Morrison C. England, Jr., the United States District Judge assigned to this case.  28 U.S.C. § 636(b)(l).  Written

objections may be filed within ten days after being served with these findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 14, 2005.

<u>/s/ Peter A. Nowinski</u>
PETER A. NOWINSKI
Magistrate Judge